# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| ARMEDA GILMORE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | CIVIL ACTION |
| v. | ) |  |
|  | ) | No. 12-1166-JWL |
| CAROLYN W. COLVIN,[1] | ) |  |
| Acting Commissioner of Social Security, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying Supplemental Security Income (SSI) benefits under sections 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding no error in the Commissioner's final decision, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING that decision.

**I. Background**

---

[1]On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Colvin is substituted for Commissioner Michael J. Astrue as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

Plaintiff applied for SSI on March 5, 2004, alleging disability beginning February 17, 1997. (R. 62-65, 542). In due course, Plaintiff exhausted her remedies before the Commissioner and sought judicial review of the Commissioner's decision before the district court. (R. 578-89). On July 26, 2010, the district court found that the ALJ had erred in weighing the medical opinions, and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g) for consideration of "all the medical opinion evidence." and for a proper narrative discussion. (R. 586-87). The Appeals Council remanded the case to an administrative law judge (ALJ) by order dated August 14, 2010. (R. 592-93). While the case was proceeding before the district court, Plaintiff filed a new application for SSI benefits (R. 649-52) and the Council instructed the ALJ to "associate the claim files and issue a new decision on the associated claims." (R. 592).

The case was referred to a different ALJ, Alison K. Brookins, on remand. The record was completed and a hearing at which Plaintiff was represented by counsel was held on September 8, 2011. (R. 895-919). Plaintiff and a vocational expert testified at the hearing. Id. On October 6, 2011 ALJ Brookins issued a decision finding that Plaintiff was not disabled within the meaning of the Act at any time between the date of Plaintiff's first application, March 5, 2004 and the date of the decision. (R. 542-62). The ALJ considered two time periods, March 5, 2004 through January 31, 2010, and February 1, 2010 through the date of the decision, and determined that Plaintiff had different severe impairments in each period and assessed different residual functional capacities (RFC) in each period, but determined nonetheless that during each period there were significant

2

numbers of jobs in the economy that Plaintiff was able to perform.  Id.  Therefore, she

determined that Plaintiff was not disabled within the meaning of the Act, and denied

Plaintiff's application for SSI benefits.  (R. 562).  Plaintiff requested Appeals Council

review of the ALJ's decision (R. 537-38), but the Council declined to assume jurisdiction

of the decision after remand.  (R. 534-36).  Therefore, the decision after remand became

the final decision of the Commissioner after remand.  (R. 534); Hamlin v. Barnhart, 365

F.3d 1208, 1214 (10th Cir. 2004); see also 20 C.F.R. § 416.1484(a) (2011)[2] (after remand,

the ALJ's decision becomes the "final decision of the Commissioner after remand . . .

unless the Appeals Council assumes jurisdiction of the case").  Plaintiff filed this case,

seeking judicial review of the final decision after remand.  (Doc. 1).

## II.     Legal Standard

The court's jurisdiction and review are guided by the Act.  Weinberger v. Salfi,

422 U.S. 749, 763 (1975) (citing 42 U.S.C. § 405(g)); Wall v. Astrue, 561 F.3d 1048,

1052 (10th Cir. 2009) (same); Brandtner v. Dep't of Health and Human Servs., 150 F.3d

1306, 1307 (10th Cir. 1998) (sole jurisdictional basis in social security cases is 42 U.S.C.

§ 405(g)).  Section 405(g) of the Act provides for review of a final decision of the

Commissioner made after a hearing in which the plaintiff was a party.  It also provides

that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by

---

[2]The Commissioner's decision in this case was issued on October 6, 2011, and unless otherwise noted, every citation to the Code of Federal Regulations in this opinion refers to the 2011 edition of 20 C.F.R. Parts 400 to 499, Revised as of April 1, 2011.

3

substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such evidence as a reasonable mind might accept to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).

When deciding if substantial evidence supports the ALJ's decision, the mere fact that there is evidence in the record which might support a contrary finding will not establish error in the ALJ's determination. "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. [The court] may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." Lax, 489 F.3d at 1084 (citations, quotations, and bracket omitted); see also, Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620 (1966) (defining substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and noting that "the

possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence."). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is disabled only if she can establish that she has a physical or mental impairment which prevents her from engaging in any substantial gainful activity, and which is expected to result in death or to last for a continuous period of at least twelve months. Knipe v. Heckler, 755 F.2d 141, 145 (10th Cir. 1985) (quoting identical definitions of a disabled individual from both 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A)); accord, Lax, 489 F.3d at 1084. The claimant's impairments must be of such severity that she is not only unable to perform her past relevant work, but cannot, considering her age, education, and work experience, engage in any other substantial gainful work existing in the national economy. 42 U.S.C. § 423(d)(2)(A).

The Commissioner uses a five-step sequential process to evaluate disability. 20 C.F.R. § 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has

5

engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's RFC. 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff makes several claims of error in the decision after remand. She claims the ALJ erred in failing to find severe physical impairments before February 1, 2010 because the ALJ weighed the medical opinions erroneously, failed to give substantial weight or appropriate deference to the opinions of her treating physician, Dr. Brown, and gave excessive weight to the opinions of the other treating, non-treating, and non-examining

physicians. (Pl. Br. 16-22). Plaintiff also claims the ALJ erred in assessing an RFC for both time periods at issue. Id. at 22-29. With regard to the period from March 2004 through January, 2010, she argues that the ALJ failed to consider any of Plaintiff's physical impairments in assessing an RFC, and failed to base the RFC upon substantial record evidence because the ALJ "relied on Dr. Blum's non-examining opinion to the exclusion of the treating source opinion of Dr. Brown." Id. at 24-25. Regarding the period from February 2010 through the date of the decision, Plaintiff claims the RFC assessed is not supported by substantial evidence in the record, argues that the ALJ erroneously relied solely upon the opinions of the state agency physician and psychologist and of a consultant psychologist, and explains how in his view the evidence supports a finding of disability. Id. at 26-28. Finally, Plaintiff claims the ALJ erroneously disregarded her testimony regarding symptoms and failed to recognize that Plaintiff's allegations are consistent with the record medical evidence.

The Commissioner argues that the ALJ articulated her bases for finding Plaintiff's allegations of symptoms are not credible, and that those bases are supported by the record evidence. (Comm'r Br. 14-21). She argues that the ALJ properly evaluated all of the medical opinions of record as required by the district court's remand order in the prior case, that the ALJ properly discounted Dr. Brown's treating source opinion and properly examined the opinions of the other medical sources and determined they outweighed the opinion of Dr. Brown. Id. at 21-26. Finally, she argues that the ALJ properly assessed an RFC for Plaintiff for each period of time, considering all of the relevant evidence, and

7

providing a narrative discussion explaining the rationale for the RFC assessed. The court agrees with the Commissioner that the ALJ did not err in the decision at issue, and addresses each of the issues raised in the order it would be reached in applying the sequential evaluation process.

## III.    Evaluation of the Medical Opinions

The ALJ evaluated thirteen medical opinions and explained the weight accorded to each. Those evaluations included the opinions of four treating sources,[3] Dr. Yost (R. 545) (significant weight), Dr. Ator (R. 544-45) (great weight), Dr. Moore (R. 547) (significant weight), and Dr. Brown (R. 547-48, 552) (little weight to opinions regarding physical condition, no weight to opinions regarding mental condition); five non-treating sources, Dr. Fishman (R. 545) (limited weight), Dr. Komes (R. 546) (considerable weight), Dr. Swiercinsky (R. 551) (limited weight), Dr. Hippe (R. 551-52) (considerable weight), and Dr. Mintz (R. 558-59) (great weight); and four non-examining sources, Dr. Tawadros (R. 546-47) (great weight), Dr. Blum (R. 552-53) (great weight), Dr. Goering (R. 560) (substantial weight), and Dr. Adams. (R. 560) (significant weight). Thus, the ALJ

---

[3]The regulations define three types of "acceptable medical sources:"

"Treating source:" an "acceptable medical source" who has provided the claimant with medical treatment or evaluation in an ongoing treatment relationship. 20 C.F.R. §§ 404.1502, 416.902.
"Nontreating source:" an "acceptable medical source" who has examined the claimant, but never had a treatment relationship. Id.
"Nonexamining source:" an "acceptable medical source" who has not examined the claimant, but provides a medical opinion. Id.

8

discounted or rejected the opinions of only three medical sources--one treating source, Dr. Brown, and two non-treating sources, Dr. Fishman and Dr. Swiercinsky. Otherwise, she accorded positive weight to the opinions of ten medical sources--three treating sources, three non-treating sources, and four non-examining sources.

Plaintiff focuses on the ALJ's determination to discount or reject Dr. Brown's opinions, and makes no argument of error in discounting the other two opinions. Therefore, because Plaintiff has waived any argument otherwise, the court finds that the opinions of Dr. Fishman and Dr. Swiercinsky were properly discounted.

The ALJ explained her rationale for discounting Dr. Brown's opinions. With regard to Dr. Brown's opinions regarding Plaintiff's physical abilities, the ALJ discounted them because the limitations opined are not supported by the medical record, Plaintiff's visits with Dr. Brown were "relatively infrequent," Dr. Brown's records do not note any significant clinical or objective findings to support the limitations opined, reports by other sources show Plaintiff is not limited as opined by Dr. Brown, and the limitations opined by Dr. Brown are not consistent with Plaintiff's reported daily activities, or the fact that she worked part time in 2006 giving trail rides and grooming the horses afterwards. (R. 548). The ALJ accorded no weight to Dr. Brown's opinion regarding Plaintiff's mental abilities because Dr. Brown's treatment notes indicated lexapro was working well to control her mental impairments, Plaintiff reported she was able to drive and ride horses, despite limitations allegedly resulting from vestibular problems, Plaintiff was able to go on a cruise while taking motion sickness medication,

and the mental limitations opined were significantly inconsistent with the mental limitations opined by Dr. Hippe, a psychologist. (R. 552).

The record evidence supports the ALJ's reasons for discounting or rejecting Dr. Brown's opinions. Plaintiff argues that Dr. Brown's opinions should have been accorded greater weight because Dr. Brown is a treating physician, because his diagnoses are sufficient to support his opinions, and because other physicians made diagnoses similar to Dr. Brown. (Pl. Br. 17-22) (citing Falk v. Comm'r of Soc. Sec. Admin., 282 F. Supp. 2d 1206 (D. Kan. 2003)).[4] In Falk, the court found that the ALJ failed to provide specific, legitimate reasons for discounting the treating physician's opinion and that the reason which was relied upon by the ALJ (that the physician's notes were inconsistent with the medical record as a whole) was not substantiated in the record. Falk, 282 F. Supp. 2d at 1214, 1215. The difference here, is that the ALJ provided specific, legitimate reasons for discounting Dr. Brown's opinions, and those reasons are supported by the record. To be sure, many if not all, of the diagnoses made by Dr. Brown are consistent with those made by other physicians and psychologists, but the ALJ did not assert that Dr. Brown's diagnoses are not consistent with the record as a whole, rather, she found that the limitations opined by Dr. Brown are not supported by the medical record, that Dr. Brown's records do not note any significant clinical or objective findings to support the limitations opined, and that Dr. Brown's treatment notes indicated lexapro was working

---

[4]Plaintiff erroneously cites Falk as an opinion of the Tenth Circuit, but it is in fact the opinion of a Magistrate Judge in the District of Kansas.

well to control Plaintiff's mental impairments. Moreover, in addition to these inconsistencies with Dr. Brown's treatment notes, the ALJ found inconsistencies with Plaintiff's activities and abilities, and with the opinions and treatment notes of other medical sources.

Here, the ALJ did not accord controlling weight to any of the four treating source opinions, and therefore, in accordance with the regulations and rulings, she weighed all of the medical opinions using the factors provided in 20 C.F.R. § 416.927. Soc. Sec. Ruling (SSR) 96-5p, West's Soc. Sec. Reporting Serv., Rulings 123-24 (Supp. 2013). Moreover, she stated the reasons for the weight she accorded to each medical opinion, and stated the specific, legitimate reasons noted above for rejecting Dr. Brown's opinion. (R. 545-48, 551-52, 558, 560); see also, Watkins v. Barnhart, 350 F.3d 1297, 1300-01 (10th Cir. 2003) (discussing procedure for weighing treating source opinions).

"When a treating physician's opinion is inconsistent with other medical evidence, the ALJ's task is to examine the other physicians' reports 'to see if [they] "outweigh[]" the treating physician's report, not the other way around.' The ALJ must give specific, legitimate reasons for disregarding the treating physician's opinion that a claimant is disabled." Goatcher v. Dep't of Health & Human Servs., 52 F.3d 288, 289-90 (10th Cir. 1995) (quoting Reyes v. Bowen, 845 F.2d 242, 245 (10th Cir. 1988)) (citations omitted). A fair reading of the decision in this case reveals that is precisely what happened here. In the face of the fact that Dr. Brown's opinions were not supported by the majority of the record evidence including both medical and non-medical evidence, and of the fact that

11

when ten other medical source opinions (including three other treating source opinions) are considered as a whole they lead to a conclusion different than that reached by Dr. Brown, the ALJ concluded that the other physicians' reports outweigh Dr. Brown's treating source opinion. Plaintiff has shown no error in this finding.

## IV. RFC Assessment

Plaintiff's argument that the ALJ's RFC assessment was erroneous, rests primarily on her assertion that the ALJ should have accorded substantial, if not controlling weight to the opinion of Dr. Brown. Having failed in the argument that it was error to discount or reject Dr. Brown's opinion, her arguments with regard to RFC must fail also. As to the period before February 1, 2010, Plaintiff's only remaining argument is that the ALJ "failed to consider any of Gilmore's physical impairments." (Pl. Br. 24). However, even a cursory reading of the decision reveals that the ALJ considered numerous physical impairments for the period before February 1, 2010, including many resulting from her automobile accident, in addition to hysterectomy, abdominal hemorrhage, non-obstructing kidney stone, bronchitis, gastroenteritis, pneumonia, Rocky Mountain spotted fever, back pain, degenerative changes in the lumbar spine, coronary artery disease, and gastroesophageal reflux disease. (R. 545-47). The ALJ considered and discussed these impairments, the treatment received for them, and the medical opinions with regard to them and concluded that "the claimant's physical impairments were non-severe." Id. at 547. Beyond the alleged error in weighing the medical opinions, Plaintiff points to no record evidence precluding this finding, or requiring a finding that Plaintiff had exertional

12

limitations during that time period which the ALJ should have, but did not address. Plaintiff has shown no error in the ALJ's RFC assessment for the period from March 5, 2004 through January 31, 2010.

As to the period beginning February 1, 2010, Plaintiff argues that the consultative examination report by Dr. Mintz and the opinions of the non-examining state agency consultants, Dr. Goering and Dr. Adams are insufficient to assess an RFC for that period, and that the ALJ should have "considered other medical evidence of the record instead of relying on the opinions of the state agency" doctors. (Pl. Br. 26-27). She then points to medical evidence which in her view supports a finding of disability. Id. at 27-29. Even assuming that Plaintiff is correct that the opinions of a non-treating consultant and two non-examining state agency consultants are insufficient evidence upon which to base an RFC assessment (and she is not), the evidence which she asserts the ALJ should have considered (and more), was in fact considered by the ALJ in assessing Plaintiff's RFC for the period beginning February 1, 2010, and much of it was actually discussed in the decision. (R. 556-61) (citing Exs. 1E, 3E, 7E, 13E, 14E, 19E, 28F, 29F, 30F, 35F, 41F, 42F, 43F; and stating that the RFC assessment was made "[a]fter careful consideration of the entire record," and "[a]fter a thorough review of the evidence of record including claimant's allegations and testimony, forms completed at the request of Social Security, the objective medical findings, medical opinions, treatment notes and other related evidence"). Courts' "general practice, which [I] see no reason to depart from here, is to

take a lower tribunal at its word when it declares that it has considered a matter." Hackett, 395 F.3d at 1173. Plaintiff has shown no error in the ALJ's RFC assessment.

## V.     Credibility Determination

Plaintiff claims that the ALJ's credibility determination was not conducted in accordance with SSR 96-7p and that she thereby improperly disregarded Plaintiffs allegations of symptoms. (Pl. Br. 29-33). However, Plaintiff's argument is based only on Plaintiff's testimony regarding her symptoms, and her allegation that her testimony is consistent with her reports to Dr. Swiercinsky and Dr. Brown, and with Dr. Brown's medical opinions. Id. at 31-33.

The court's review of an ALJ's credibility determinations is deferential. Credibility determinations are generally treated as binding on review. Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir. 1990); Broadbent v. Harris, 698 F.2d 407, 413 (10th Cir. 1983). "Credibility determinations are peculiarly the province of the finder of fact" and will not be overturned when supported by substantial evidence. Wilson, 602 F.3d at 1144; accord Hackett, 395 F.3d at 1173. Therefore, in reviewing the ALJ's credibility determinations, the court will usually defer to the ALJ on matters involving witness credibility. Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir. 1994); but see Thompson v. Sullivan, 987 F.2d 1482, 1490 (10th Cir. 1993) ("deference is not an absolute rule"). "However, '[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.'" Wilson, 602

F.3d at 1144 (quoting Huston v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988)); Hackett, 395 F.3d at 1173 (same).

Because the ALJ properly discounted or rejected Dr. Brown's and Dr. Swiercinsky's opinions, Plaintiff's argument that her credibility is supported by those physicians' opinions is unavailing. Further, the ALJ stated her reasons for finding Plaintiff's allegations of symptoms not credible. (R. 551, 557, 559-60). She found that the medical records do not support the level of difficulty Plaintiff now alleges, that Plaintiff has not sought ongoing treatment from a mental health care provider, that the record suggests Plaintiff's symptoms are adequately controlled with medication and do not indicate significant problems with completing activities or an inability to get along. (R. 559). She found that Plaintiff's "memory/recall appears very selective," and that Plaintiff's daily activities do not reflect the limitations Plaintiff alleges. Id. Finally, the ALJ found that the record reflects very little ongoing treatment for Plaintiff's physical conditions; that despite allegations of significant limitations due to back pain Plaintiff has not taken prescription pain medication on an ongoing basis, but frequently uses only over-the-counter medication; and that the medical records do not reflect that Plaintiff has reported to healthcare providers the significant limitations she alleges in her ability to lift, sit, stand, and walk, or that she needs to nap thirty minutes to three hours each day. (R. 560).

The fact that Plaintiff's allegations may be consistent with some of her reports to two physicians whose opinions have been properly discounted or rejected means little

15

because the ALJ discussed the medical opinions of thirteen physicians or psychologists, and summarized the records of several additional medical sources and found that, as a whole, those records do not support the level of difficulty Plaintiff now alleges, do not reflect significant ongoing treatment, and do not reflect that she reported such significant limitations in lifting, sitting, standing, and walking, or reported the need for a substantial nap every day. Plaintiff does not even attempt to demonstrate error in the reasons actually given by the ALJ for finding her allegations not credible.

Finally, although Plaintiff baldly asserts that the ALJ did not follow the credibility analysis required by SSR 96-7p, she does not explain in what way the requirements of SSR 96-7p were violated, and there is no pinpoint citation in Plaintiff's briefs to a portion of that Ruling so that the court might attempt to ascertain the specific error Plaintiff alleges. Plaintiff is represented by counsel before this court, and the court will not make Plaintiff's arguments for her. Plaintiff has shown no error in the credibility determination.

The court has considered each of Plaintiff's allegations of error and finds no error in the ALJ's decision on remand.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's decision.

Dated this 26th day of September 2013, at Kansas City, Kansas.

                                          s:/ John W. Lungstrum
                                          **John W. Lungstrum**
                                          **United States District Judge**